IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LILIAN ONOH,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-00298-O |
| § | |
| **SAHARA REPORTERS MEDIA** § | |
| **GROUP INC**, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is the Motion for Substituted Service that Lilian Onoh filed on August 25, 2025. ECF No. 8. Chief United States District Judge Reed O'Connor referred the Motion to the undersigned on October 2, 2025. ECF No. 9. After considering the Motion and the applicable legal authorities, the Court **DENIES it without prejudice**.

### I.  BACKGROUND

This is a defamation and intentional infliction of emotional distress case. ECF No. 1. Onoh hired a process server who attempted personal service upon Defendant Landrum-Pierre on four separate occasions, but all attempts were unsuccessful. ECF No. 8 at 1. Onoh commissioned a skip trace for Landrum-Pierre and confirmed that the address used in the service attempts was Landrum-Pierre's current address, and the only other addresses that appeared were six and nineteen years old. ECF No. 4 at 2. However, the server's affidavit reveals that the mailbox of the address used to attempt personal service says "The Reeds" on it. *Id.* at 5. The skip trace also revealed the four email addresses Onoh wishes to utilize to effectuate service. *Id.*

In June, Onoh asked the Court to authorize her to serve process on Defendants Sahara Reporters Media Group Inc. ("Sahara") and La Kiesha Landrum-Pierre by serving a copy of the

citation and the Original Complaint to Landrum-Pierre via email. ECF No. 4 at 2-3. The Court denied this request and found "that service by email [was] not reasonably calculated to be effective in notifying the defendants of this suit." ECF No. 6. Following the Court's Order, Onoh "attempted to serve the Defendants by certified mail," but those mailings returned as undeliverable. ECF No. 8 at 2. Additionally, the process service indicated to Onoh that "posting the summons and citation on the front door of the address that Onoh has for Defendant Landrum-Pierre's residence" would not be sufficient to notify the Defendant. *Id.* Finally, Onoh emailed the summons and complaint to the four known email addresses on August 24, 2025. On August 25, 2025, Onoh filed the present Motion to revive her request for substituted service via email.

## II.  LEGAL STANDARD

Under the Federal Rules of Civil Procedure, plaintiffs may effectuate service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). This statute applies to service on individual and corporate defendants. Fed. R. Civ. P. 4(h)(1)(A). Texas Rule of Civil Procedure 106 sets forth acceptable methods of service in the state. Tex. R. Civ. P. 106. Ordinarily, plaintiffs must use the standard methods outlined in Rule 106(a)(1)-(2). But Rule 106(b) authorizes substituted service:

> [u]pon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful.

Tex. R. Civ. P. 106(b). After plaintiff files such a motion and statement, Rule 106(b)(1) allows service "by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement." Rule 106(b)(2) allows service "in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence

2

shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(1)-(2). The Texas Supreme Court has accepted substituted service if there is "sufficient evidence to establish that notice sent to this address would be reasonably effective to give [Defendant] notice of the suit." *State Farm Fire and Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* Tex. R. Civ. P. 108.

> The Federal Rules of Civil Procedure allow service on corporate defendants by:
>
> [d]elivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B). In Texas, the Secretary of State may receive substituted service of process if the entity no longer maintains a registered agent at the registered office. Tex. Bus. Orgs. Code § 5.251. Further, "if the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity," a plaintiff may serve the Secretary of State. *Id.*

Courts have determined that service by email is appropriate when "(1) the plaintiff made diligent efforts to effect traditional service at a physical ... address and (2) the defendant recently used the email address." *Rock Island Auction Co. v. Dean*, No. 3:23-cv-2642-S-BN, 2024 WL 1837970 at *4 (N.D. Tex. Apr. 26, 2024) (citing *Sec. & Exch. Comm'n v. Plummer,* No. 3:21-cv-2331-B, 2022 WL 1643958, at *2 (N.D. Tex. May 23, 2022)). An email address was "recently used" if it was used for communication within three months of the date that the motion for substituted service was filed, but email communication more than six months from the date the motion was filed does not qualify as "recently used." *Rock Island*, 2024 WL 1837970 at *4; *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-cv-01508, 2013 WL 1181469, at *1, *3

(S.D. Tex. Mar. 20, 2013) (finding that the person to be served had used the email address "recently" when the record indicated email correspondence in the last three months).

### III. ANALYSIS

Onoh's Motion contains the same deficiencies as its predecessor. Onoh still has not provided any evidence that Landrum-Pierre is an officer or registered agent of Sahara. Nor has Onoh shown that she has tried to serve Sahara's registered agent for service of process or the secretary of state under the laws of Texas, where the case is pending, or New York, where Sahara is reportedly headquartered. Accordingly, Onoh has not sufficiently alleged that Landrum-Pierre is a proper party upon whom to serve process on Sahara, a corporate defendant. Fed. R. Civ. P. 4(h)(1)(B).

Further, just as in the first Motion, Onoh has shown that she made efforts to effect traditional service on the defendants at a physical address, but she has not shown that the defendants have recently used the email addresses so that service by email would be reasonably likely to give notice of this suit. Onoh did not supplement her previous declaration that the email addresses are "still in use by the Defendants," that the Court found was insufficient. ECF No. 1 at 8, ECF No. 6 at 4. Accordingly, Onoh has not shown that service by email is appropriate because she did not show that "the defendant recently used the email address." *Rock Island*, 2024 WL 1837970 at *4 (finding that the email address had been used recently based on the declaration of an individual who had received the email address from the defendant within three months of the date the motion was filed); *see also First Commonwealth Bank v. Greater Servs. CIL LLC*, No. 3:24-cv-02985-S, 2025 WL 488419, at *5 (N.D. Tex. Feb. 13, 2025) (finding that the email had been used about one month before plaintiff filed their motion because the motion contained evidence that plaintiff's counsel and defendant had exchanged emails).

## IV.     CONCLUSION

For these reasons, the Court finds that service by email is not reasonably calculated to be effective in notifying the defendants of this suit. Accordingly, the Motion for Substituted Service is **DENIED without prejudice** to Plaintiff's right to reassert an amended motion after further efforts to confirm use of the email addresses or serve the defendants in another manner as permitted by Texas Rule of Civil Procedure 106(a) or the Federal Rules of Civil Procedure.

It is so **ORDERED** on January 13, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE