IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LILIAN ONOH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-00298-O |
| | § | |
| SAHARA REPORTERS MEDIA GROUP INC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Third Motion for Substituted Service (ECF No. 13), which the Court held a hearing for on February 6, 2026. Plaintiff's Motion informs the Court that Plaintiff's hired process server has attempted to personally serve Defendants four times but has been unsuccessful each time. ECF No. 13 at 1. Plaintiff therefore requests that the Court authorize substituted service by email. *Id.* at 3.

Plaintiff's Complaint identifies Defendant Sahara Reporters Media Group, Inc ("Sahara Reporters") as a New York Corporation and Defendant La Kiesha Landrum-Pierre as a California citizen. *See* ECF No. 1 at 1. The Federal Rules of Civil Procedure allow service on a corporation by following Rule 4(e)(1) or by

> [d]elivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

FED. R. CIV. P. 4(h)(1)(A)–(B). Rule 4(e)(1) directs service to be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

Texas permits substituted service of process "electronically by social media, email, or other

1

technology, that . . . will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106. The Secretary of State may also receive substituted service of process if the entity no longer maintains a registered agent at its registered office. TEX. BUS. ORGS. CODE § 5.251. Further, "if the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity," a plaintiff may serve the Secretary of State. *Id.*

Courts have determined that service by email is appropriate when "(1) the plaintiff made diligent efforts to effect traditional service at a physical address and (2) the defendant recently used the email address." *Rock Island Auction Co. v. Dean*, No. 3:23-cv-2642-S-BN, 2024 WL 1837970 at *4 (N.D. Tex. Apr. 26, 2024) (citing *Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958, at *2 (N.D. Tex. May 23, 2022)). An email address was "recently used" if it was used for communication within three months of the date that the motion for substituted service was filed, but email communication more than six months from the date the motion was filed does not qualify as "recently used." *Rock Island*, 2024 WL 1837970 at *4; *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-cv-01508, 2013 WL 1181469, at *1, *3 (S.D. Tex. Mar. 20, 2013) (finding that the person to be served had used the email address "recently" when the record indicated email correspondence in the last three months).

Plaintiff asserts that Landrum-Pierre is an officer of Sahara Reporters. Plaintiff's representations in her Motion and at the hearing that she has tried to effect service on Defendants at least four times at Landrum-Pierre's residence[1] satisfies the Court that Plaintiff has made diligent efforts to effect traditional service at a physical address. Plaintiff represents that Landrum-Pierre has responded to the email address lakeisha@emmelineventures.vc as recently as September 6, 2025.[2] While nearly five months stretches the bounds of recency, Plaintiff's counsel

---

[1] *See* Pl.'s Mot. 1, ECF No. 13.
[2] *Id.* at 2.

stated during the hearing that Landrum-Pierre appears to be running a business with the email address that is still currently operating. Thus, the Court finds that together these support the email being used recently enough to reasonably give Defendants notice of the suit. Accordingly, the Court **GRANTS** Plaintiff's Motion for Substituted Service by emailing Defendants at [lakeisha@emmelineventures.vc](lakeisha@emmelineventures.vc). To ensure that Sahara Reporters has ample opportunity to receive notice of this suit, the Court **ORDERS** Plaintiff to additionally serve Sahara Reporters through the New York Secretary of State.

Plaintiff **SHALL** file on the docket of this case evidence showing Plaintiff's service of Defendants as outlined above no later than **March 9, 2026**.

**SO ORDERED** on this **9th day** of **February, 2026**.

_[signature: Reed O'Connor]_
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

3